IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **DANIEL ROBERT ODDO** § | | **PLAINTIFF** |
| § | | |
| v. § | | Cause No. 1:09CV323-LG-RHW |
| § | | |
| **COMMISSIONER OF SOCIAL** § | | |
| **SECURITY, MICHAEL J. ASTRUE** § | | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER ADOPTING
PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

**BEFORE THE COURT** is the Proposed Findings of Fact and Recommendation [18] entered by United States Magistrate Judge Robert H. Walker on July 29, 2010. Judge Walker recommends that this Court deny Daniel Oddo's Dispositive Motion [13] to reverse or remand, and affirm the final decision of the Commissioner of Social Security denying Oddo's claim for Social Security disability benefits. Oddo has filed an objection to the Recommendation. The Commissioner has not filed a response. After a de novo review of the administrative record, the pleadings submitted by the parties, and the applicable law, the Court adopts the Proposed Findings of Fact and Recommendation and denies Oddo's Dispositive Motion.

FACTS AND PROCEDURAL HISTORY

Daniel Oddo, who is currently fifty years old, filed an application for Social Security disability benefits and SSI in 2004. He alleges that he began suffering from multi-level spinal disorder and additional impairments in June 2003. After the first denial of Oddo's claim was remanded by the Appeals Council for further proceedings,

the ALJ conducted a second hearing. He found again that Oddo was not disabled. The Appeals Council denied Oddo's application for review, and he applied for judicial review of the ALJ's decision.

Magistrate Judge Walker examined the record and concluded: (1) the ALJ's denial of benefits was supported by substantial evidence; (2) the ALJ properly weighed the physicians' reports and opinions; and (3) the ALJ sufficiently evaluated whether Oddo's conditions of cervical and lumbar disk disease met the criteria of Listing 1.04, thus, any error committed by the ALJ in this regard was harmless.

Oddo contends that the Magistrate Judge applied the wrong standard of review, which resulted in his erroneous conclusion that the various medical opinions were properly weighed and evaluated by the ALJ. Oddo also appears to have objected to the Magistrate Judge's finding that the ALJ committed only harmless error.

## DISCUSSION

The standard of review for social security disability cases is limited to a determination of "(1) whether the Commissioner applied the proper legal standard[,] and (2) whether the Commissioner's decision is supported by substantial evidence." *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). Conflicts in the evidence are to be resolved by the Commissioner, not the courts. *Daugherty v. Barnhart*, 163 Fed. Appx. 297, 298 (5th Cir. 2006) (citing *Laffoon v. Califano*, 558 F.2d 253, 254 (5th Cir. 1977)).

The Social Security Act permits persons with a physical or mental disability who have contributed to the program to receive disability insurance benefits. 42 U.S.C. §

423. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A). The Act further provides:

> An individual shall be determined to be under a disability only if his physical or mental impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. §423(d)(2)(A).

When evaluating a disability claim, the administrative law judge conducts a five- step sequential evaluation process. 20 C.F.R. § 404.1520, 416.920. At the first step, the ALJ considers whether the claimant is currently working and whether that work constitutes substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ considers whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the ALJ determines whether the impairment meets or equals an impairment listed in appendix one of the social security regulations. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the ALJ examines whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). Finally, the ALJ considers whether the impairment prevents the claimant from doing any other substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ can find that the

claimant is either disabled or not disabled at any step, the inquiry ends and the ALJ makes his or her determination at that time. 20 C.F.R. § 404.1520(a)(4). Before the ALJ moves to the fourth step, the claimant's residual functional capacity, which is defined as "the most [the claimant] can still do despite [his] limitations," is assessed, and the residual functional capacity is considered when evaluating steps four and five. 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 404.1545(a)(1). The ALJ is required to consider all of the claimant's medically determinable impairments, including those that are not determined to be "severe." 20 C.F.R. § 404.1545(a)(2).

In the present case, the ALJ found at step one that Oddo had not engaged in substantial gainful activity since June 6, 2003, the alleged onset date. At step two, the ALJ found that Oddo had cervical and lumbar disc disease and a substance abuse disorder. At step three, the ALJ determined that Oddo did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. At step four, the ALJ found that Oddo was unable to perform any past relevant work. At step five, the ALJ considered Oddo's age, education, work experience, and residual functional capacity, and determined that there are jobs that exist in significant numbers in the national economy that Oddo could perform. Based on these findings, the ALJ concluded that Oddo had not been under a disability, as defined in the Social Security Act, from June 6, 2003 through the date of the decision.

Oddo first argues that the Magistrate Judge erred by applying the *Chevron* standard to the Commissioner's legal conclusions, that is, that "the court should defer

to the Commissioner's legal conclusions if they are within a permissible meaning of the statutory or regulatory language." Proposed Findings of Fact and Recommendation 5, ECF No. 18. (citing *Chevron, U.S.A., Inc. v. Nat'l Res. Defense Council*, 467 U.S. 837, 843-44 (1984)). Oddo argues that the *Chevron* standard applies when a court reviews an agency's interpretation of a statute the agency administers, not when the court reviews how the agency has applied its own rules and regulations. It is true that an agency is bound to follow its own regulations. *See Chevron Oil Co. v. Andrus*, 588 F.2d 1383, 1386 (5th Cir. 1979). Oddo does not question the Social Security Commission's interpretation of a statute, but how it applied its own regulations. Thus, the *Chevron* standard has no application to this case.

Despite the objected-to language, the Magistrate Judge actually examined whether the ALJ complied with the regulation at issue. He noted that the ALJ confirmed with counsel at the hearing that Dr. Chevis was an examining physician. As an examining physician, Dr. Chevis' opinion was entitled to, and received, less weight than that of a treating physician. The Magistrate Judge found that the ALJ did consider Dr. Chevis' opinion "within the entirety of the evidence relied upon in the decision." Proposed Findings of Fact and Recommendation 7, ECF No. 18. Dr. Chevis' opinion was in the form of a checklist in which he noted that Oddo was limited to lifting less than ten pounds, standing or walking two hours out of an eight hour work day and sitting for only six hours out of an eight hour workday. This opinion conflicted with that of another examining physician, Dr. Wright, who also examined Oddo on two occasions, the medical records from Oddo's hospital visits, and the

Physical Residual Functional Assessment of a state agency physician based on Oddo's medical records. The state agency physician concluded that Oddo was capable of performing medium work with occasional climbing, balancing, stooping, kneeling, crouching or crawling. The ALJ concluded:

> It appears that between the two opinions (the state agency medical opinion and Dr. Chevis' opinion), the state agency medical opinion is more reliable because it is based upon the claimant's actual medical treatment records rather than the claimant's subjective complaints. This is not to say that the Administrative Law Judge has not considered the claimant's subjective complaints. The claimant has a good work history, which generally bolsters a claimant's credibility; however, in this case, a good work history is not sufficient to overcome the claimant's impaired perceptions, judgment, and insight caused by an ongoing substance abuse disorder. Therefore, the state agency medical opinion is given more weight that Dr. Chevis' medical opinion.

Tr. 21, ECF No. 7-2 p. 22.

The relevant portion of the regulation governing evaluating opinion evidence provides:

> (d) How we weigh medical opinions. Regardless of its source, we will evaluate every medical opinion we receive. Unless we give a treating source's opinion controlling weight under paragraph (d)(2) of this section, we consider all of the following factors in deciding the weight we give to any medical opinion.
>
> > (1) Examining relationship. Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you.
> >
> > (2) Treatment relationship. Generally, we give more weight to opinions from your treating sources. . . .
> >
> > 3) Supportability. The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion. The better an explanation a

> source provides for an opinion, the more weight we will give that opinion. Furthermore, because nonexamining sources have no examining or treating relationship with you, the weight we will give their opinions will depend on the degree to which they provide supporting explanations for their opinions. We will evaluate the degree to which these opinions consider all of the pertinent evidence in your claim, including opinions of treating and other examining sources.
>
> 4) Consistency.  Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion.

20 C.F.R. § 404.1527.

There was no medical opinion from a physician who had a treating relationship with Oddo.  Accordingly, and in compliance with the above regulation, the ALJ did not give controlling weight to any medical opinion.  Contrary to Oddo's argument, it is clear that the ALJ evaluated Dr. Chevis' opinion, and although the regulation requires that Dr. Chevis' opinion be evaluated, it does not require that it be given the greatest weight; the use of discretion is essential to evaluating evidence.  The ALJ made a choice between conflicting opinions, and explained why he found Dr. Chevis' opinion worthy of less weight than the state agency physician's medical opinion.  The ALJ articulated his consideration of the relevant factors - particularly supportability and consistency - in reaching his conclusion.  Therefore, the Magistrate Judge properly found that the ALJ complied with the regulation.  The Court concludes that Oddo's objection to the Magistrate Judge's Report and Recommendation regarding whether the ALJ complied with 20 C.F.R. 404.1527 should be overruled.

Oddo may also have objected to the Magistrate Judge's finding that, in light of the lesser weight given to Dr. Chevis' opinion, the ALJ committed harmless error by failing to identify, at step three, the listed impairment or to provide an adequate explanation for how the impairment was not met.  Oddo contends that the Magistrate Judge allowed the ALJ to compound the error he committed when he improperly weighed the medical opinion evidence.  In the event that Oddo has lodged such an objection, the Court has reviewed the issue de novo and finds the Magistrate Judge's analysis proper in all respects. Dr. Chevis is the only source of evidence that Oddo had a listed impairment, while the remainder of the evidence is to the contrary.  The ALJ relied on opinions and evidence showing that Oddo did not have a listed impairment.  Any error committed by failing to adequately explain how the impairment was not met was harmless and did not affect Oddo's substantive rights.  This objection to the Magistrate Judge's Report and Recommendation should be overruled.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Proposed Findings of Fact and Recommendation [18] entered by United States Magistrate Judge Robert H. Walker on July 29, 2010, is **ADOPTED** as the holding of this Court.

**IT IS FURTHER ORDERED AND ADJUDGED** that Daniel Robert Oddo's Dispositive Motion [ 13] is **DENIED**.  The final decision of the Commissioner of Social Security denying Oddo's claim for Social Security disability benefits is **AFFIRMED**.

**SO ORDERED AND ADJUDGED** this the 4th day of October, 2010.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE